Following a jury trial in the District Court, the defendant, William R. Hamilton, was convicted of operating under the influence of alcohol (OUI).[2] Following a subsequent jury-waived trial, the defendant was convicted of OUI third offense.[3] On appeal, he claims that during the jury trial he was improperly identified by an eyewitness who had not participated in an out-of-court identification procedure in violation of the rule established in Commonwealth v. Crayton, 470 Mass. 228, 241 (2014). We affirm.
Background. Prior to trial, the defendant moved in limine to prohibit an eyewitness, Margaret Debinder, from making an in-court identification. The judge allowed the motion, but indicated that Debinder could describe the individual she observed at the scene.
At trial, Debinder testified that on October 25, 2013, at about 3:15 P.M. , she was driving on Piper Road, in Acton, about a car length behind an older model sedan, which later was identified as a Lincoln Continental. She saw the Lincoln swerve to the right and strike rocks on an embankment on the side of the road. Debinder further testified that the impact occurred with such force that the back end of the vehicle came off the ground about a foot before landing on the rocks. To Debinder's surprise, the Lincoln continued to drive down the roadway. She followed in order to alert the driver that gas and fire were trailing the vehicle. Debinder then saw that the Lincoln had pulled over into the area of Discovery Way and that the "car was engulfed in flames."
While notifying the police on her telephone of the situation, Debinder parked her car and noticed a woman bystander and "a gentleman on his telephone, and he walked away from the scene." The man was "probably maybe five, no more than ten feet away from the vehicle," and the woman was in between him and the vehicle. Firefighters and police arrived, and Debinder told the officers that she had seen a male walk away from the car and then start walking down Route 2 east, and that he weighed about 200 pounds, was over six feet tall and bald with a beard, and was wearing jeans and a sweatshirt with some type of emblem or writing on it.
The above-referenced details were dispatched to area law enforcement. Police investigation quickly led to the defendant, and substantial evidence, including the defendant's own admission, confirmed that he was the operator of the Lincoln.[4]
Discussion. On appeal the defendant recognizes that Debinder did not make a formal in-court identification of the defendant, but argues that her multiple references to "this gentleman" and "he" signaled to the jury that the man she saw was the defendant sitting in the court room, in violation of the rule set forth in Crayton, 470 Mass. at 241, and its progeny. We disagree.
In her direct testimony, Debinder indicated that she did not know who was operating the vehicle. For example, she testified that she had followed the vehicle because she "need[ed] to tell this gentleman" that the vehicle was on fire but immediately corrected herself, saying, "or person I should say, whoever is in this vehicle." Additional direct testimony was similarly circumscribed, omitting language that suggested that the male she saw at the scene was either the driver or the defendant.
On cross-examination, Debinder occasionally referred to the operator of the vehicle as "he." During a charge conference, after the Commonwealth had completed its presentation of evidence, defense counsel noted that in certain instances the witness had referred to the driver as "he." However, defense counsel acknowledged that he had not objected to those references, and, instead, sought an eyewitness identification instruction, which the judge agreed to provide to the jury. Thus, our review of the defendant's claim on appeal is limited to whether any alleged error created a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).[5] Viewing the evidence in context and as a whole, Debinder did not testify that the operator of the vehicle was the defendant, and did not make an in-court identification, directly or by inference. Thus there was no error, and the rule in Crayton, 470 Mass. at 241, was not implicated.[6]
Even if we were to conclude otherwise, any error would be nonprejudicial where, as here, proof that the defendant was operating the Lincoln was overwhelming, as detailed above.[7] In these circumstances, any arguable in-court identification by Debinder was superfluous to the other evidence of the defendant's guilt.
Judgment affirmed.

The jury found the defendant not guilty of leaving the scene of property damage.

The defendant was acquitted in the jury-waived trial of operating a motor vehicle with a suspended license.

State police Trooper Patrick McCrave responded to the incident, proceeded to the Concordian Motel on Route 2, and saw two men exit one of the motel rooms, one of whom matched the description of the suspect. Trooper McCrave identified this person in court as the defendant. Trooper McCrave noticed that part of the defendant's beard was "severely singed," he appeared disheveled, and his eyes were "droopy and bloodshot." Acton police Officer Douglas Mahoney arrived and asked for the defendant's identification. Officer Mahoney likewise noticed that the defendant's eyes were glassy and bloodshot, and his speech was "slurred." He also observed the defendant leaning against a truck parked in the motel lot, and saw keys bearing a Lincoln logo on the rail of the truck bed. He placed the defendant under arrest for operating under the influence of alcohol. After receiving Miranda warnings, the defendant admitted to having had seven or eight beers and told Officer Mahoney that he had "fucked up." He confessed that he had been traveling northbound on Piper Road and struck something on the side of the road, and that the vehicle "became engulfed in flames." He admitted that the flames caused his beard to catch fire, and he fled the scene because he was scared.

The defendant contends that his motion in limine and assorted objections at trial sufficed to preserve the Crayton issue for appeal. As Debinder did not make an in-court identification of the defendant and testified that she did not know the identity of the driver of the vehicle, there was no prejudicial error and thus we need not further explore the standard of review.

In Crayton, 470 Mass. at 241, the court held that "[w]here an eyewitness has not participated before trial in an identification procedure, we shall treat the in-court identification as an in-court showup, and shall admit it in evidence only where there is 'good reason' for its admission."

See, e.g., note 3, supra.